## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

DEMETRIUS LEE,

          Plaintiff,

    v.

JUDGE STEPHEN G. SCARLETT, KEITH
HIGGINS, and BART ALTMAN,

          Defendants.

CIVIL ACTION NO.: 2:24-cv-99

## REPORT AND RECOMMENDATION

Plaintiff filed an Amended Complaint, asserting claims under 42 U.S.C. § 1983.  Doc 19.
This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the
reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its
entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I **RECOMMEND**
the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment
of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

## PLAINTIFF'S CLAIMS[1]

Plaintiff alleges in the Amended Complaint that Defendants violated his Fourteenth
Amendment due process rights.  Doc. 19 at 4.  Plaintiff also states he "simply request[s] a
clemency opportunity after being incarcerated over 20 years and counting."  Id. at 10.

---

[1]    All allegations set forth here are taken from Plaintiff's Amended Complaint.  Doc. 19.  During
frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as
true."  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

**STANDARD OF REVIEW**

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

**DISCUSSION**

**I.     Plaintiff Does Not State a Cognizable Federal Claim**

Plaintiff alleges Fourteenth Amendment due process violations but provides no factual support for his claim. Therefore, because the Amended Complaint does not contain "more than

labels and conclusions," Plaintiff does not properly state a claim for relief. <u>Twombly</u>, 550 U.S. at 555. In addition, Plaintiff requests a clemency hearing as relief. The Georgia Constitution vests the power of clemency solely in the executive branch, specifically the State Board of Pardons and Paroles. Ga. Const. art. IV, § II, para. III(a). Thus, federal courts have no jurisdiction to grant or deny clemency. <u>See</u> <u>Ohio Adult Parole Auth. V. Woodard</u>, 523 U.S. 272 (1998) (describing clemency generally as "a matter of grace committed to the executive authority."). And even if Plaintiff presented a properly pleaded due process claim, incarcerated persons "do not have a liberty interest in traditional state executive clemency, to which no particular claimant is *entitled* as a matter of state law." <u>DA's Office v. Osborne</u>, 557 U.S. 52, 68 (2009) (citation omitted) (emphasis in original). Because Plaintiff cannot seek the requested relief in federal court, I **RECOMMEND** the Court **DISMISS** Plaintiff's claim.

## II.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address that issue in the Court's order of dismissal. <u>See</u> Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. <u>Busch v. County of Volusia</u>, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. <u>Neitzke v.</u>

Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons stated above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 24th day of November, 2025.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA